IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LARRY G. HARRIS, #N-57672,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 11-cv-133-JPG |
| ) | |
| **LEE RYKER and MARK BADER,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

      Plaintiff Larry G. Harris, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff was convicted of two counts of armed robbery, and is serving forty-five and twenty year sentences. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

28 U.S.C. § 1915A.

      An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and shall dismiss this case.

**The Complaint**

Plaintiff has been incarcerated for the last eighteen years, and during that time, has had money on deposit in his inmate trust fund account.  He contends that the interest earned on his account is his property, and seeks return of that interest to him.  It is the practice of the Illinois Department of Corrections ("IDOC") to pool the interest earned on inmate trust fund accounts, and transfer the interest to the Inmates' Benefit Fund,[1] where it may be spent to benefit the inmate population.  Plaintiff argues that the "theft" of the interest which has accrued on the funds

---

[1] Plaintiff uses the term "Inmates' Benefit Fund," while the Illinois statute creating the fund calls it the "Residents' Benefit Fund."  730 ILL. COMP. STAT. 5/3-4-3(a).  These funds are one and the same.

held in his individual inmate trust account violates the Fifth Amendment's Takings Clause. He also complains that IDOC staff spends the interest money in the Inmates' Benefit Fund without Plaintiff having any say in the matter. He names Lee Ryker, the warden, and Mark Bader, the trust fund administrator, as Defendants.

## Discussion

Illinois law provides that the personal funds of a prisoner in IDOC custody are held in trust for the prisoner by the authorities at the prison in which he or she is confined. Such funds include money that is in the physical possession of a prisoner at the time of his or her incarceration, together with all personal funds deposited with the IDOC for the use and benefit of, or belonging to, the prisoner. The matter of trust fund accounts for prisoners in the custody of the IDOC is governed by Illinois law, which provides, in relevant part:

> The Department of Corrections and the Department of Juvenile Justice shall establish accounting records with accounts for each person who has or receives money while in an institution or facility of that Department and it shall allow the withdrawal and disbursement of money by the person under rules and regulations of that Department. Any interest or other income from moneys deposited with the Department by a resident of the Department of Juvenile Justice in excess of $200 shall accrue to the individual's account, or in balances up to $200 shall accrue to the Residents' Benefit Fund. For an individual in an institution or facility of the Adult Division the interest shall accrue to the Residents' Benefit Fund.

730 ILL. COMP. STAT. 5/3-4-3(a).

The purpose of requiring prisoner funds to be held in trust by prison authorities is to prevent prisoners in IDOC custody from possessing quantities of cash that can be used for illicit purposes. *See* 730 ILL. COMP. STAT. 5/3-4-3(d) (providing that the IDOC "shall confiscate any unauthorized currency found in the possession of a committed person."); *Grubbs v. Bradley,* 552 F. Supp. 1052, 1101 n.50 (M.D. Tenn. 1982) (noting that "[t]he use of free world money is

generally disdained among corrections experts because of the difficulty in controlling activities such as gambling, extortion and the sale of contraband.  Officials prefer to use either special 'scrip' or computerized accounts which allow greater control of inmates' funds.").

The Takings Clause of the Fifth Amendment, which is applicable to the states through the Fourteenth Amendment, prohibits the taking of private property for public use without just compensation.  *See* U.S. Const. amend. V, XIV; *Webb's Fabulous Pharmacies, Inc. v. Beckwith,* 449 U.S. 155 (1980); *Chicago, Burlington & Quincy R.R. Co. v. City of Chicago,* 166 U.S. 226, 239 (1897).  Property interests "are not created by the Constitution.  Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 577 (1972).  *See also Phillips v. Wash. Legal Found.*, 524 U.S. 156, 164 (1998) (quoting *Roth,* 408 U.S. at 577) ("Because the Constitution protects rather than creates property interests, the existence of a property interest is determined by reference to 'existing rules or understandings that stem from an independent source such as state law.'").  "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it." *Roth,* 408 U.S. at 577.  If a protected property interest exists under state law, a court then must determine what process is due to protect that interest.  *See Shango v. Jurich,* 681 F.2d 1091, 1097-98 (7th Cir. 1982) (citing *Mathews v. Eldridge,* 424 U.S. 319 (1976)).

In general, prisoners have a due process property interest in their personal funds on deposit in a prison trust fund account.  *See Wolfe v. Litscher,* No. 03-C-302-C, 2003 WL

23221146, at *2 (W.D. Wis. July 7, 2003) (citing *Campbell v. Miller,* 787 F.2d 217, 222 (7th Cir. 1986)); *Gillihan v. Schillinger,* 872 F.2d 935, 939 (10th Cir. 1989); *Jensen v. Klecker,* 648 F.2d 1179, 1183 (8th Cir. 1989). The precise question presented by this case, however, is whether prisoners in IDOC custody have a property interest that is protected by the Fifth and Fourteenth Amendments in the interest that accrues on their individual prison trust fund accounts, because without such a property interest, Plaintiff has no claim for a violation of his constitutional rights.

As noted above, the Constitution does not create property interests, thus the Constitution does not grant prisoners a property interest in the interest that accrues on their personal funds held in trust by their prison custodian. *See Gray v. Lee,* 486 F. Supp. 41, 46 (D. Md. 1980) (citing *X (Smith) v. Robinson,* 456 F. Supp. 449, 454 (E.D. Pa. 1978)) (neither the Fifth Amendment nor the Fourteenth Amendment confer on a prisoner a right to earn interest on monies received while incarcerated). Similarly, the common law does not give prisoners a right to the interest on monies held in their prison trust fund accounts. Instead, "at common law a convicted felon . . . forfeit[s] all rights to personal property." *Washlefske v. Winston,* 234 F.3d 179, 185 (4th Cir. 2000). *See also Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 682 (1974) (noting that under English common law, "[f]orfeiture . . . resulted . . . from conviction for felonies . . . . The convicted felon forfeited his chattels to the Crown and his lands escheated to his lord[.]"). Because convicted felons have no common-law property rights, then, for example, a state may require its prisoners to work and to do so for free, without running afoul of the Constitution. *See Vanskike v. Peters,* 974 F.2d 806, 809 (7th Cir. 1992) (quoting *Sigler v. Lowrie,* 404 F.2d 659, 661 (8th Cir. 1968)) ("The Thirteenth Amendment excludes convicted criminals from the prohibition of involuntary servitude, so prisoners may be required to work . . .

. Further, there is no Constitutional right to compensation for such work; compensation for prison labor is 'by grace of the state.'").

Because state prisoners possess no constitutional or common-law property rights in funds that come into their hands while incarcerated, such prisoners possess a property interest in those funds only to the exact extent that state statutes or regulations grant them a property interest in monies received during the period of their incarceration. *See Jennings v. Lombardi,* 70 F.3d 994, 995-96 (8th Cir. 1995) (holding that prisoners in the custody of the state of Missouri who are confined outside Missouri pursuant to an interstate compact do not have a property interest in receiving wages for work in prison industries, because Missouri prison regulations provide that only prisoners in Missouri's custody who are confined in Missouri may receive wages for prison jobs); *Young v. Wall,* 359 F. Supp. 2d 84, 89-91 (D. R.I. 2005) (prisoners of the state of Rhode Island, though possessing a limited property interest conferred by state statute in wages derived from work in prison industries, do not have a property right in interest accrued on those wages where state law has created no such right); *Larance v. Bayh,* No. 3:94-cv-182RM, 1995 WL 46718, at *1 (N.D. Ind. Jan. 18, 1995) (holding the same in the case of an Indiana statute conferring on prisoners of the state a property interest in their personal funds, including wages, held in trust during the period of their incarceration, but conferring no property rights in the interest accrued on such funds); *Hendrix v. Evans,* 715 F. Supp. 897, 910-11 (N.D. Ind. 1989) (same).[2] Therefore, the Court must determine whether Illinois law, specifically, the Illinois

---

[2] In an unpublished opinion, the Seventh Circuit approved the holdings of both *Larance* and *Hendrix* and reached the same result, finding that Indiana state prisoners do not have a property interest in the interest on their funds held in trust by prison officials because Indiana law does not grant prisoners such a property interest. *Abdul-Wadood v. Bayh,* No. 95-1245, 1996 WL 219068 (7th Cir. April 30, 1996).

Unified Code of Corrections ("IUCC") and the regulations promulgated pursuant to that statute by the IDOC, confers on prisoners in IDOC custody a property interest in the interest that accrues on their prison trust fund account.

In interpreting a statute, such as the IUCC, courts "must first look to the language of the statute and assume that its plain meaning 'accurately expresses the legislative purpose.'" *United States v. Shriver,* 989 F.2d 898, 901 (7th Cir. 1992) (quoting *Park'N Fly, Inc. v. Dollar Park & Fly, Inc.,* 469 U.S. 189, 194 (1985)).  Furthermore, "the words in a statute should be given their ordinary meaning." *Estate of Moreland v. Dieter,* 576 F.3d 691, 695 (7th Cir. 2009).  In the case of prisoners in IDOC custody, Illinois law recognizes that such prisoners have a property interest in money that they "ha[ve] or receive[ ] . . . while in an institution or facility of" the IDOC.  730 ILL. COMP. STAT. 5/3-4-3(a).  Illinois law also recognizes a limited property interest in interest on "moneys deposited with the [IDOC] by a resident of the Department of Juvenile Justice in excess of $200," although the statute provides further that, in the case of juvenile prisoners, interest on "balances up to $200 shall accrue to the Residents' Benefit Fund." *Id.*  However, with respect to adult prisoners in IDOC custody, such as Petitioner, Illinois law confers no property interest in the interest that accrues on the prison trust fund accounts of such prisoners, providing instead that interest on such accounts "shall accrue to the Residents' Benefit Fund." *Id.*

An examination of the IDOC regulations promulgated pursuant to the above statute discloses that they do not grant prisoners in IDOC custody a property interest in the interest on their prison trust fund accounts.  Those regulations, like the statute, provide that "[i]n the Adult and Community Services Divisions [of the IDOC], interest from a committed person's trust fund account shall accrue to the Residents' Benefit Fund."  ILL. ADMIN. CODE tit. 20, § 205.20(a).

Plaintiff points to *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1199 (9th Cir. 1998), as authority for his argument that a protected property interest should be recognized in the interest on a prisoner's trust account, because "interest follows princip[al]" (Doc. 1, p. 5)  The *Schneider* court found that, despite a California statute that expressly provided for depositing any interest on prisoners' trust accounts into an Inmate Welfare Fund, thus clearly establishing that prisoners have no property right in the accrued interest, a constitutionally protected property right in such interest may still exist according to longstanding principles of common law.  *Schneider*, 151 F.3d at 1199; *see also Phillips v. Wash. Legal Found.*, 524 U.S. 156 (1998).

The approach taken by the court in *Schneider* appears to be a minority view among the Circuit Courts of Appeal that have addressed this question, and, particularly in light of the Seventh Circuit's reasoning in *Abdul-Wadood*, this Court declines to follow it.  *Abdul-Wadood v. Bayh,* No. 95-1245, 1996 WL 219068 (7th Cir. April 30, 1996).  *See Givens v. Ala. Dep't of Corr.*, 381 F.3d 1064, 1068 (11th Cir. 2004) (holding that inmates have no property right in trust account interest); *Washlefske v. Winston,* 234 F.3d 179, 185 (4th Cir. 2000) (same); *Hatfield v. Scott*, 306 F.3d 223, 225 (5th Cir. 2002) (same); *Gray v. Lee,* 486 F. Supp. 41 (M.D. Md. 1980), *aff'd.,* 661 F.2d 921 (4th Cir. 1981) (same); *Billups v. Wilkinson*, No. 96-3286, 1997 WL 63336 (6th Cir. Feb. 13, 1997) (same); *Petrick v. Fields*, No. 96-6076, 1996 WL 699706 (10th Cir. Dec. 6, 1996) (same).

Interestingly, even if a conclusion is reached that a protected property interest does exist in the trust account interest, there is not necessarily an unconstitutional "taking" of private property when the state pools the accrued interest into an inmate welfare fund.  *See Chalmers v. Winston*, 95 F. Supp. 2d 536 (E.D. Va. 2000) (holding that while inmate had a property interest

in the trust account interest, no unlawful taking occurred; the cost of maintaining separate interest bearing accounts for each inmate would exceed the amount of interest accrued to each account; inmate welfare fund was akin to a "public program adjusting the benefits and burdens of economic life to promote the common good" and created value where none existed before).

Because Plaintiff has no protected property right in the interest that accrues on his inmate trust account, it follows that he has no property interest in the accrued interest after it has been transferred into the Inmate Benefit Fund.  Thus, there is no merit in Plaintiff's assertion that his rights have somehow been violated by IDOC officials denying him any say in how they spend the interest money after it is transferred to the Inmate Benefit Fund.  *See Booker v. Superintendent*, No. 3:10-CV-017 RM, 2010 WL 339093, at *2 (N.D. Ind. Jan. 22, 2010) (money in Inmates' Recreation Fund does not belong to the inmates, but is to be used "for the direct benefit of persons who are inmates or patients in such institutions, and shall not be used for any purposes which are covered by state appropriations" according to state statute; no property interest is created).

Finally, even if this Court were to agree that Plaintiff has a constitutionally protected property right in the trust account interest, he cannot maintain a § 1983 claim in this Court for the deprivation of that property.  If an adequate remedy is available under state law for a state actor's deprivation of a plaintiff's property, then a civil rights action will not lie for the deprivation of property *without due process of law*.  *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims.  *Murdock v. Washington*, 193 F.3d 510, 513

(7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995).

To conclude, Petitioner has no property interest under Illinois law in the interest that accrues on his prison trust fund account.  Petitioner's complaint fails to state a constitutional claim upon which relief may be granted, and shall be dismissed pursuant to 28 U.S.C. § 1915A.

**Pending Motions**

Plaintiff's Motion for Status Hearing (Doc. 4) is **DENIED AS MOOT.**

**Disposition**

**IT IS HEREBY ORDERED** that Petitioner's complaint fails to state a claim upon which relief may be granted, and thus is **DISMISSED** with prejudice.  Defendants **RYKER** and **BADER** are **DISMISSED** from this action with prejudice.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  As Petitioner has paid the filing fee for this action in full, no further payment is due.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

DATED:   November 2, 2011

                                                *s/J. Phil Gilbert*
                                                **United States District Judge**